J-A05022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
DAMIAN RAY BRADFORD　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　Appellant　　　　　:　No. 682 WDA 2024

Appeal from the Judgment of Sentence Entered November 29, 2023
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001327-2022

BEFORE:　MURRAY, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:　　　　　　　**FILED: MARCH 24, 2025**

Appellant, Damian Ray Bradford, appeals from the judgment of sentence entered in the Beaver County Court of Common Pleas, following his jury trial convictions for attempted homicide, possession of a firearm prohibited, assault of a law enforcement officer, aggravated assault (F1), aggravated assault (F2), disarming law enforcement officer without lawful authorization, firearms not to be carried without a license, five counts of recklessly endangering another person, and resisting arrest.[1]　We affirm.

The trial court accurately and thoroughly set forth the relevant facts and procedural history of this case.　Therefore, we have no reason to restate them

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a) (section 2501(a) related), 6105(a)(1), 2702.1(a), 2702(a)(2), 2702(a)(6), 5104.1(a)(1), 6106(a)(1), 2705, and 5104, respectively.

at length. (**See** Trial Court Opinion, 8/7/24, at 2-16).[2] Briefly, in the late hours of July 28, 2022, and the early hours of July 29, 2022, at the Franklin Mini-Mart in Aliquippa, Beaver County, Appellant engaged in an altercation with Javad Lindsey, during which Appellant pointed a firearm at Mr. Lindsey's head. Patrolling Pennsylvania State Troopers Jonnie Schooley and Shawn Palmer observed Appellant hiding his firearm in the waistband of his pants. The troopers pulled into the lot to investigate and, after observing Appellant pinning an employee against the glass store front, attempted to confront him.

During the ensuing confrontation and chase through the main storefront and back room of the store, Trooper Palmer tasered Appellant and Trooper Schooley got on top of Appellant in an attempt to subdue him. During this time Appellant reached for his firearm and, with his hand on the trigger, aimed it at Trooper Schooley. Trooper Schooley jammed his hand into the slide of the firearm and attempted to push the gun away, but Appellant managed to fire a single shot.

Trooper Schooley separated Appellant from the firearm but realized he had been shot and severely injured in the knee and calf. Trooper Palmer jumped on top of Appellant, who attempted to grab the trooper's taser and

---

[2] We correct the trial court opinion in two places. First, the trial court opinion states that the shooting took place on July 28, 2021, but the record confirms that it took place on July 29, 2022. (**See** Trial Court Opinion at 4; **see also** Criminal Complaint, dated 7/29/22 and docketed 8/22/22). Second, the trial court opinion spells Javad Lindsey's name "Lindsay," but the notes of testimony confirm that Mr. Lindsey's name is spelled Lindsey. (**See** N.T. Trial, 9/20/23, at 115).

firearm, while Trooper Schooley yelled for a torniquet. The owner of the Mini-Mart assisted Trooper Palmer in removing Appellant's hands from the trooper's firearm, while other bystanders applied their own clothing to Trooper Schooley's leg in makeshift tourniquets. Appellant fought and struggled the entire time.

Ultimately, Trooper Schooley was transported via life-flight to University of Pittsburgh Medical Center Presbyterian ("UPMC Presby"), where he underwent emergency surgery and was hospitalized for five days. Dr. Matthew Neal, who treated Trooper Schooley at UPMC Presby, later testified that the trooper had only survived because of the application of tourniquets. Trooper Schooley had lost 1.5 liters of blood at the hospital and likely had lost more at the scene and in transit. Following the incident, Appellant was arrested.

Following a trial which began September 19, 2023, and ended September 25, 2023, a jury convicted Appellant of all charges, with the exception of the Section 6105 charge, which had been bifurcated. Following the jury verdict, the trial court convicted Appellant of that charge.

On November 29, 2023, the court sentenced Appellant to an aggregate term of 39 to 78 years of incarceration. On Monday, December 11, 2023, Appellant timely filed post-sentence motions, including a request for permission to file supplemental post-sentence motions, which the court granted. Following several extensions, Appellant timely filed the supplemental post-sentence motions on April 18, 2024. The trial court denied the motions

on May 9, 2024.

On June 3, 2024, Appellant timely filed a notice of appeal. On June 4, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant timely complied on June 25, 2024.

Appellant raises the following issues for our review:

> Did the trial court error in failing to grant Appellant's motion for judgment of acquittal by finding the verdicts for attempted homicide, assault of law enforcement officer, and disarming law enforcement officer were supported by sufficient evidence?

> Did the trial court abuse its discretion in denying Appellant's motion for a new trial by finding the verdicts for attempted homicide, assault of law enforcement officer, and disarming law enforcement officer were not so contrary to the weight of the evidence so as to shock one's sense of justice?

(Appellant's Brief at 5).

After a thorough review of the record, Appellant's brief,[3] and the applicable law, we conclude that Appellant's issues merit no relief based on the reasoning set forth in the trial court's opinion.[4] (**See** Trial Court Opinion

---

[3] On December 13, 2024, the Commonwealth requested an extension of time to file a brief. This Court granted an extension until January 31, 2025. As of the date of the filing of this decision, the Commonwealth has not filed a brief.

[4] The trial court's summary of the evidence includes a time-stamped breakdown of the Commonwealth's Exhibit 2, a composite video showing the entire altercation from beginning to end via several different angles of surveillance camera footage. (**See** Trial Court Opinion at 13-15) (citing Commonwealth's Ex. 2, introduced at trial on September 19, 2023). This Court has had the opportunity to review the exhibit, along with the other

*(Footnote Continued Next Page)*

at 17-26; 31-36) (finding: Commonwealth proved beyond reasonable doubt that Appellant had specific intent to kill and specific intent to cause serious bodily injury where he had attempted to discharge firearm pointed at Trooper Schooley's chest; evidence showed that Appellant caused serious bodily injury to Trooper Schooley; Appellant had intent to place troopers in fear of imminent serious bodily injury; Appellant had specific intent to remove Trooper Palmer's firearm and taser; verdicts were not against weight of evidence where there was extensive testimony from witnesses and victims, which jury found credible, and which was supported by extensive video evidence).  The record supports the trial court's analysis.  Accordingly, we affirm based on the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/24/2025

---

exhibits introduced, and our review of same confirms that the trial court's recitation of the facts is accurate.